FILED
IN COURT
CHARLOTTE, N. C.

AUG 28 2007

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO. 5:07CR36

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) **CONSENT ORDER AND**
) **JUDGMENT OF FORFEITURE**
CHRISTOPHER WILLIAM HARTSELL, )
)
Defendant. )

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, and/or 28 U.S.C. §2461(c):

   a. all property seized by the Government on or about March 1, 2007, including but not limited to all funds, or a total of approximately $62,878.45, in bank accounts and brokerage or investment accounts at Wachovia Bank, N.A., and TDAmeritrade, held in the name of American Security Trust, Freedom Lifestyles, and The Real Estate Source;

   b. all property seized by the Government on or about August 27, 2007, including but not limited to the proceeds from the sale of the real property located at 21412 Ogden Cove Drive, Cornelius, North Carolina, in the form of Wachovia Check No. 59390 made payable to Christopher Hartsell and Shelley Hartsell in the amount of $67,099.47, or as subsequently deposited by the Marshals Service, with the understanding, however, that the defendant may receive and set aside $25,000 to be used to pay rent for the defendant's family as his wife transitions back to the workplace;

   c. real property located at 12216 Shiro Court, Huntersville, North Carolina;

   d. a monetary judgment in the amount of $2.5 million, which sum represents proceeds obtained, directly or indirectly, from violation(s) of 18 U.S.C. §1341, §1956(a)(1)(A) and/or §1956(a)(1)(B), and/or the fraudulent scheme underlying those offenses; and,

   e. the defendant's ownership or possessory interest in all other real property, as of the date of this plea agreement, which the defendant agrees and stipulates are forfeitable as substitute assets for the $2.5 million listed above.

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. a forfeiture money judgment in the amount of $2.5 million shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p);

4. upon the seizure of property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

5. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

6. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §982, 21 U.S.C. §853, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_/s/_
KURT MEYERS
Assistant United States Attorney

_/s/_
CHRISTOPHER W. HARTSELL
Defendant

_/s/_
NOELL TIN
Attorney for Defendant

Signed this the 28th day of August, 2007.

_____
UNITED STATES JUDGE